IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Quality Express, LLC, | ) | C.A. No. 8:21-cv-02159-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Crane Transport, LLC, and Stanley Hart, Individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on a Motion to Withdraw filed by counsel for Plaintiff, Adrianne L. Turner ("Turner"). ECF No. 44. For the reasons set forth below, the Motion is denied.

**BACKGROUND**

On May 3, 2021, Plaintiff filed a Complaint in the present case and on July 18, 2021, Defendants removed the case to federal court. ECF No. 1. On October 14, 2022, Defendants filed a Motion for Summary Judgment, which the Defendants later withdrew at the Court's request. ECF Nos. 26, 54. On July 14, 2023, Turner filed a Motion to Withdraw as counsel for Plaintiff. ECF No. 44. On July 21, 2023, Ortagus Bennett ("Bennett"),[1] purportedly on behalf on Plaintiff, filed a Response in Opposition.[2] ECF No.

---

[1] Plaintiff, Quality Express, LLC, is a trucking company organized in the State of South Carolina with its principal place of business located in Greenville, South Carolina. *See* ECF No. 1-1 at 2. Ortagus Bennett is the owner of Plaintiff. *See* ECF No. 48.

[2] The Court has not considered the Response in Opposition as the Response was improperly filed. *See* Local Civil Rule 83.I.07 (D.S.C.) ("If the party is a corporation,

48. On August 23, 2023, the Court held an ex parte hearing with respect to Turner's

Motion. ECF No. 54. On November 15, 2023, the Court held a status conference and

further hearing on Turner's Motion. ECF No. 63. Accordingly, this matter is ripe for

review.

## APPLICABLE LAW

Pursuant to Rule 1.16 of the South Carolina Rules of Professional Conduct, which

has been adopted by this Court pursuant to Local Civil Rule 83.I.08 (D.S.C.), Rules of

Disciplinary Enforcement Rule IV (B), a lawyer "shall withdraw from the representation of

a client if . . . the lawyer is discharged" by the client. *See* Rule 407, SCACR, Rules of

Prof. Conduct, Rule 1.16(a). Nevertheless, "[a] lawyer must comply with applicable law

requiring notice to or permission of a tribunal when terminating a representation." *Id.*

1.16(c). Additionally, Rule 83.I.07 of this Court's Local Civil Rules provides as follows:

> *Withdrawal of Appearance.* No attorney whose appearance has
> been entered may withdraw his or her representation or be relieved
> as counsel except with leave of court on motion filed pursuant to this
> rule.
>      . . .
>
>    (B) If the withdrawal will leave the party unrepresented, the
>    motion shall:
>
>       (1) Include the mailing address and telephone number for
>       the party.
>
>       (2) If the party is a corporation, partnership, association,
>       other legal entity, or any person proceeding in a
>       representative capacity, state that the party has been
>       informed that (a) it may not proceed without counsel, (b) its
>       counsel must be admitted in this district, and (c) it may be

---

partnership, association, other legal entity, or any personal proceeding in a representative
capacity, the explanation shall advise that the response must be filed by counsel.").

held in default or have its claimed dismissed if it fails to obtain replacement counsel within a reasonable time.

(3) Be filed along with either a consent to withdrawal signed by the party or a certification that the party has been provided a copy of the motion and an explanation of the party's right to object to withdrawal. The explanation shall inform the party of the date the motion was filed and state that any response must be received by the court within seventeen (17) days of the filing date. If the party is a natural person, the explanation shall advise that the response may be in the form of a letter signed by the party. If the party is a corporation, partnership, association, other legal entity, or any personal proceeding in a representative capacity, the explanation shall advise that the response must be filed by counsel.

Local Civil Rule 83.I.07 (D.S.C.).

## ANALYSIS

Turner requests that she be permitted to withdraw as counsel for Plaintiff due to irreconcilable differences. ECF No. 44 at 2. At the hearing held on August 23, 2023, the Court received evidence from Turner, and the nature of the irreconcilable differences stems from actions taken by both counsel and client in an unrelated case. ECF No. 54. Turner alleges that she disagreed with Bennett regarding specific allegations that Bennett wanted to include in an amended complaint in a different case. *Id.* During the August hearing, the Court permitted Bennett to seek new counsel but withheld judgment on Turner's Motion. *Id.* To date, Bennett has not informed this Court that he has retained new counsel, and no additional attorney has made a notice of appearance on Plaintiff's behalf.

Having reviewed Turner's arguments and submissions, the Court finds that Turner should not be permitted to withdraw as counsel for Plaintiff at this stage in the litigation. Elsewhere, courts have held "that a law firm can withdraw from representing a corporation

3

even before the corporation retains new counsel when the withdrawing firm 'serves no meaningful purpose.'"  *Satterfield v. Napa Home & Garden, Inc.*, C.A. 7:11-cv-01514-MGL, 2013 WL 12224400, at \*2 (D.S.C. July 2, 2013) (citing *Buschmeier v. G&G Invs., Inc.*, 222 F. App'x 160, 163 (3d Cir. 2007) (quoting *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 680 (3d Cir. 1986) (per curiam)).  In *Buschmeier*, the court further explained that:

> [T]he proper withdrawal calculus for a district court to perform when the client is a corporation looks at the burden imposed on all parties and the counsel attempting to withdraw.  A law firm is entitled to withdraw once the firm demonstrates that the ordinary rules of withdrawal have been met and its appearance serves no meaningful purpose.  Whether or not a law firm's appearance serves no meaningful purpose will be based on potential prejudice to all litigating parties.  One factor to consider any prejudice analysis is the stage of litigation.

*Buschmeier*, 222 F. App'x at 164.

Here, the Court finds that Turner has not established that Plaintiff discharged her nor that her appearance serves no meaningful purpose.  During both hearings, Bennett requested that Turner continue representation in the present case despite the alleged irreconcilable differences involving an unrelated matter.  Given that whether a law firm's appearance serves no meaningful purpose depends on the prejudice to all litigating parties—prejudice that considers the stage of litigation—Plaintiff would be prejudiced by being left without counsel at this late date.  While the Court permitted Bennett to find new counsel, Bennett has been unable to do so.  Plaintiff would clearly be prejudiced by the withdrawal because it would not be able to represent itself pro se.  Allowing counsel to withdraw would essentially foreclose Plaintiff from continuing the prosecution of this action. Further, in her briefing and during the August hearing, Turner did not provide

4

sufficient factual support for her position that irreconcilable differences exist to the extent necessary to permit her withdrawal.  In addition, if the Court grants Turner's Motion to Withdraw, Defendants would also be prejudiced as before Turner filed her Motion, Defendants' Motion for Summary Judgment was fully briefed and pending before the Court.  *See* ECF No. 26.  Accordingly, Turner's Motion to Withdraw is denied.

## CONCLUSION

For the reasons set forth above, Turner's Motion to Withdraw [44] is **DENIED WITHOUT PREJUDICE**.  Defendants may re-file their Motion for Summary Judgment on or after December 15, 2023.  Plaintiff is permitted two weeks to submit a Response, and Defendants may file a Reply within one week of the filing of the Response.  The parties may, of course, file the same Motion, Response, and Reply as before if they so choose.  To the extent Plaintiff is still seeking new counsel, the Court will entertain a Motion to Substitute at any point.

IT IS SO ORDERED.

**s/ Donald C. Coggins, Jr.**
United States District Judge

November 16, 2023
Spartanburg, South Carolina