IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Quality Express, LLC, | C.A. No. 8:21-cv-02159-DCC |
| Plaintiff, | |
| v. | |
| | **OPINION AND ORDER** |
| Crane Transport, LLC, and Stanley Hart, Individually, | |
| Defendants. | |

This matter is before the Court on Defendant Crane Transport, LLC[1] ("Defendant Crane Transport") and Defendant Stanley Hart's ("Defendant Hart") Motion for Summary Judgment. ECF No. 68. Plaintiff filed a Response in Opposition and Amended Response in Opposition. ECF Nos. 70, 79. For the reasons set forth below, the Motion is granted.

## BACKGROUND

This case arises from commercial truck collision that occurred on September 19, 2019, in Anderson County, South Carolina. ECF No. 1-1 at 3. Plaintiff employed James Fields ("Fields") as a commercial driver. *Id.* At approximately 2:45 a.m., Fields collided with a tractor trailer operated by Defendant Hart—a commercial truck driver employed by Defendant Crane Transport—and parked in the emergency lane on Interstate 85. *Id.* at 2–3. Defendant Hart allegedly failed to use safety or warning signals before parking the

---

[1] In its Motion for Summary Judgment, Defendant Crane Transport, LLC asserts that Plaintiff incorrectly identified it as such in the Complaint and that its actual name is Crane Transport, Inc. ECF No. 68-1 at 1.

tractor trailer.  *Id.* at 4.  On May 3, 2021, Plaintiff filed a Complaint, asserting causes of action for negligence/negligence per se, negligent entrustment, and negligent hiring, supervision and retention.  ECF No. 1-1 at 4–9.  On July 18, 2021, Defendants removed the case to federal court.  ECF No. 1 at 3.  On December 26, 2023, Defendants filed a Motion for Summary Judgment.  ECF No. 68.  On January 23, 2024, Plaintiff filed a Response in Opposition, and Defendant filed a Reply.  ECF Nos. 70, 71.  Plaintiff filed a Motion to Amend/Supplement Previously Submitted Response to Summary Judgment on February 6, 2024, to include an omitted affidavit and exhibits, which the Court granted on February 9, 2024.  ECF Nos. 74 at 1; 75.  On February 21, 2024, Plaintiff re-filed its Response with the omitted documents.  ECF No. 79.  Accordingly, this matter is ripe for review.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 56(a) states, as to a party who has moved for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce evidence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## ANALYSIS

As an initial matter, Defendants contend that Plaintiff has no evidence to deny summary judgment because "Plaintiff has not served any discovery requests on either defendant, has not noticed or taken a single deposition, and has not identified any expert witnesses."  ECF No. 68-1 at 5.  Defendants argue that Plaintiff has failed to provide any evidence to support its claims for negligence, negligent entrustment, and negligent hiring, retention, and supervision.  *Id.* at 7–13.  Further, Defendants assert that Plaintiff's driver acted negligently by allegedly improperly changing lanes and crossing the fog line boundary, which "was the sole proximate cause of the collision and Plaintiff's damages." *Id.* at 13.  Moreover, Defendants contend that even if Plaintiff provided some evidence that Defendants acted negligently in causing the collision, the negligence of Plaintiff's driver "overwhelmingly exceeded 50% as a matter of law and caused Plaintiff's alleged damages."  *Id.* at 14–15.

In contrast, Plaintiff contends that "Defendants are not entitled to [s]ummary [j]udgment because genuine issues of material fact exist as to whether, and to what extent, [Defendant] Hart was at fault for the occurrence of the accident[.]"  ECF No. 79 at 4.  Plaintiff argues that it is undisputed that Defendant Hart parked the tractor trailer on the shoulder of Interstate 85 in a non-emergency situation and allegedly failed to take "statutorily mandated precautions to ensure his own safety as well as the safety of other drivers[.]"  *Id.*  In addition, Plaintiff asserts that it has a right held inviolate to cross-examine

Defendants' theories of liability at trial.  *Id.* at 5.  Lastly, Plaintiff contends that Defendants' Motion should be denied because it "suffered catastrophic business losses due to the Defendant[s'] negligence."  *Id.*

Having reviewed the arguments and submissions of the parties, the Court grants Defendants' Motion for Summary Judgment.  "[S]ummary judgment is appropriate only 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Brocious v. United States Steel Corp.*, 429 F. Supp. 3d 82, 86 (D. Md. 2019).  "The moving party bears the burden of showing that there is no genuine dispute of material facts."  *Id.* (citing *Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011)); *see also Rayburn v. Forrest Cnty., Miss.*, C.A. No. 2:20-cv-155-KS-MTP, 2022 WL 16921824, at *2 (S.D. Miss. Oct. 12, 2022) (stating that "[a] party moving for summary judgment may meet its initial burden by pointing out 'the absence of evidence supporting the nonmoving party's case'") (quoting *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995)).  In addition, "summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case."  *Brocious*, 429 F. Supp. 3d at 86 (citing *Casey*, 823 F. Supp. at 352).

Here, there is no genuine issue of material fact to warrant denying Defendants' Motion.  While Plaintiff argues that Defendants acted negligently, it has presented no evidence to support any element in the causes of action listed in the Complaint.[2]  Although Plaintiff claims it is undisputed that Defendant Hart parked the tractor trailer on the shoulder of Interstate 85 without employing required precautions, there is no evidence in

---

[2] With respect to Plaintiff's argument that it may cross-examine Defendants' theories of liability at trial, Plaintiff has not presented any evidence to defeat summary judgment and proceed to trial.

5

the form of affidavits, depositions, stipulations, admissions, or otherwise to support that claim. Similarly, none of Plaintiff's claims against Defendants are supported by any identifiable evidence. Accordingly, the Court grants Defendants' Motion for Summary Judgment.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion for Summary Judgment [68] is **GRANTED**.

IT IS SO ORDERED.

                                                       **s/ Donald C. Coggins, Jr.**
                                                       United States District Judge

May 3, 2024
Spartanburg, South Carolina